## GEORGE DEARLOVE *et al.*

*v.*

## JOHN HERRINGTON.

1. TRESPASS QUARE CLAUSUM FREGIT. The owner of lands and tenements, even if he be wrongfully kept out of possession, has no right to enter, against the will of the occupant, except to demand rent and make necessary repairs.

2. SAME—*damages, whether excessive.* Where the agents of a landlord, acting for him, made an entry into the dwelling house of a tenant, before his lease expired, and put others in, and exercised dominion over the goods and chattels of the tenant, and removed them from one room to another, and deprived him of the beneficial use of the dwelling house, and treated him with indignity, and his rights with contempt, a verdict for one thousand dollars damages is not excessive, and does not afford any evidence that the jury did not take a cool and deliberate view of the case.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. B. W. ELLIS, and Mr. ROBERT HERVEY, for the appellants.

Messrs. TILDEN & OSGOOD, and Mr. JOHN W. HAWLEY, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of trespass *quare clausum fregit* and *de bonis asportatis,* in the Cook circuit court, brought by John Herrington against George Dearlove, Richard Dearlove, Mary Dearlove and Hannah Dearlove.

The cause went to the jury on the issue of not guilty, and on several special pleas, one of which averred that Mary and Hannah Dearlove were the owners of the *locus in quo,* and, because the goods and chattels mentioned in the declaration were wrongfully in the dwelling house thereon, they, as owners, and the other defendants, as their servants, entered the

house and removed the goods from one room to another therein, as they lawfully might, doing no unnecessary damage.

The replication to this plea admits the ownership of the premises, as alleged, but avers that, on the 1st of October, 1864, they did, by their agents, George and Richard Dearlove, demise the premises to the plaintiff, to hold for one year from the first day of April, 1865, and so on, from year to year, a like demise was made on the first day of October, to hold for one year from the first day of April succeeding; that about the first day of October, 1868, Hannah and Mary demised the dwelling house to plaintiff for one year from April 1st, 1869, until April 1st, 1870, by virtue of which demise plaintiff held possession.

The controversy turned upon the nature of this demise, when it commenced and when it terminated, in which, after hearing the testimony of George and Richard Dearlove, and of Hannah Dearlove, and of the plaintiff in the action, the jury found the issues for the plaintiff, against George and Richard Dearlove, the others having been dismissed out of the case, and assessed his damages at one thousand dollars, for which the court rendered judgment, having refused a new trial.

To reverse this judgment, the defendants appeal.

Appellants admit, in their argument, there was a technical trespass, but complain the damages are excessive to such a degree as to manifest passion and prejudice.

We have looked into the testimony, as it appears in the record, carefully, and it discloses a case where an entry was made upon a tenant, by appellants, acting for the landlord, before his term had expired, other tenants put in, and dominion exercised by appellants over the goods and chattels of appellee, removing them from one room to other rooms, and depriving appellee of the beneficial enjoyment of the dwelling house, so necessary to the comfort of himself and family, and treating him with the greatest indignity, and his rights with contempt.

The plaintiff's situation in life is a very humble one, and he has nearly completed his "three score years and ten," but, humble as he is, he has a right to claim the same protection from injury, as the highest and most honored individual in community. The tenant of a marble front, in our great city, has no better right than plaintiff, to enjoy his possession free from unlawful intrusion and molestation by the owner. This humble home was the plaintiff's castle. "Dear is the hut to which his soul conforms." There, were his *penates*, there was his family, and in it his rights were supreme. It can not be said that one thousand dollars damages would be excessive, if the plaintiff was the tenant of a magnificent mansion, and so molested ·as the evidence discloses in this case. Shall the fact that the plaintiff is old and poor, and comparatively an insignificant figure in the great swarm of human society, subject him to a diminished measure of justice?

When the lawlessness of the act is considered, and the circumstances, we can not think the damages are excessive, or afford any evidence that the jury did not take a cool and deliberate view of the case. If it was true, that plaintiff was holding over, in defiance of his lessors, they would have no right to take the law in their own hands, and thus redress their wrongs.

It was held, in *Reeder et al.* v. *Purdy and Wife,* 41 Ill. 279, if the owner in fee be wrongfully kept out of possession, he is not permitted to enter, against the will of the occupant, except for the purpose of demanding rent, or to make necessary repairs. The common law right, to enter and to use all necessary force to obtain possession from him who may unlawfully withhold it, it was held, was taken away by our Statute of Forcible Entry and Detainer. That statute, in its spirit, forbids a forcible entry, by the owner, upon the actual possession of another.

We think the weight of the evidence in this case is, that

plaintiff's lease terminated on the first day of April, 1870, up to which time the rent was paid.

We find no fault with the instructions, as given by the court. They declared the law, as we understand it.

Finding no error in the record, we affirm the judgment.

*Judgment affirmed.*