### CHARLES H. BRIGGS ET AL.
### v.
### NICK ROTH.

*Landlord and Tenant—Trespass—Damages—Contract for Services and Board.*

1. A landlord is not justified in driving his tenant out by force, even though the latter has forfeited his tenancy by a breach of the contract under which he holds.

2. In an action of trespass brought by a tenant against his landlord for endeavoring to drive him out by force and for driving away his stock, this court declines to interfere with the verdict for the plaintiff, although neither party is free from fault and the damages allowed might with much propriety have been less.

[Opinion filed December 8, 1888.]

Appeal from the Circuit Court of Iroquois County; the Hon. Alfred Sample, Judge, presiding.

Mr. Stephen R. Moore, for appellants.

Messrs. Doyle & Morris, for appellee.

Lacey, P. J. This was an action of trespass by appellee against appellants for attempting to break into his dwelling house, occupied by himself and family, by force, and for driving away two cows and calves from appellee's pasture and depriving him of the use of the pump. The cause was tried before a jury and resulted in the jury finding appellants guilty and assessing damages at $100, upon which verdict judgment was rendered; from such judgment this appeal is taken.

There is no complaint as to the instructions given by the court; the only ground upon which a reversal is sought is that the verdict is contrary to the weight of the evidence and that the damages are excessive. We have read over the evidence with care, and, while we find that neither party is free from fault, and while the damages might with much propriety have been less, we do not feel justified in interfering with the verdict of the jury. The actual damages done to appellee were slight; yet, the jury had a large discretion in the assessment of exemplary damages, and where there are circumstances of aggravation and malice appearing on the part of appellants, as here, the jury were the judges as to the amount of such damages. According to the appellee's testimony, he had hired to appellants for one year to do farm labor for $300 per

year, and was to have pasture for two cows, two hogs, a good well and house and three acres for garden; that was all there was of the agreement; he went to work and took possession of the house the first of March; he had no arrangement with appellants to board the men when he hired to them, but made such arrangement the 23d of March: "I agreed," he says, "the men could stay awhile." On the other hand Mr. Briggs, one of the appellants, testifies that the plaintiff hired to work for them for one year for $25 per month by the year; they to furnish him a garden patch, house, pasture for two cows, a place for two hogs, and appellee was to board appellants' hired help for $3 per week of twenty-one meals. He lived, slept and ate in the lower rooms in the house, and appellant, Briggs, and his hired man, occupied the two rooms up-stairs. "We had the exclusive use of the up-stairs rooms and our bed and bedding were there, and our clothes." But he does not state that this was a part of the contract. They commenced taking their meals with appellee about the middle of March and continued up to the time of the difficulty.

About the 18th of July appellee refused to board the appellant, Briggs, and his hired hand any longer, under pretense that his wife was sick, although the evidence tends strongly to show that the true reason was he wanted to raise the board to twenty cents per meal. The oats were to be cut and the machine was coming the next day, and appellants did not know where to get board; this certainly was very aggravating to appellants, and was a breach of contract on the part of appellee. Thereupon the appellants canceled their contract with appellee for labor and demanded possession of the house, but appellee refused to give up the house. The appellants got board in a shanty with the "tilers" and continued to occupy the bed-rooms up-stairs till, on the 8th August, appellee locked the outside door and would not allow appellants to enter. This also was done without warning. The appellant, Briggs, then took a rail and went to battering the door down, whereupon appellee shot at him with a pistol and appellant returned the fire, no one, however, being hurt. The appellant then desisted and went away; previous to this,

however, the appellants, after the discharge of the appellee and his refusal to go away, took the pump out of the well so appellee could not get water, drove their wagon over his garden and turned his cows and calves out of the pasture.

We are satisfied that the jury were justified in finding from the evidence that the appellee was to have the entire control of the house as the tenant, and that he was to work for and board the hired men of appellants at $3 per week, but that they were not entitled to any particular rooms any more than any other boarders. The contract is unlike the one recited in the case of Cochrane v. Tuttle, 75 Ill. 361. In that case the landlord was the full proprietor and held possession of the house. Let it be granted that the appellee forfeited his tenancy by refusing to board the appellants' hands, a point, however, we need not decide, yet they would have no right to resort to violent measures in order to regain possession. They should appeal to the law, which the evidence shows that they had not done. They were not justified in attempting to drive the appellee out by force, and, if they resorted to such means, they are liable in an action of trespass. Reeder et al. v. Purdy and wife, 41 Ill. 279; Dearlove v. Herrington, 70 Ill. 251.

But if the jury believed the testimony of the appellee that the original contract had no reference to the boarding of the hired men, then the refusal to further board would not work any forfeiture of the lease for one year, and the appellants would be without excuse in doing what they did.

Under all the circumstances, though we can not acquit the appellee of all blame, we do not feel at liberty to reverse the judgment on the alleged ground that the verdict is against the weight of the evidence. The judgment is therefore affirmed.

*Judgment affirmed.*